SARAH L. SWAN, RESPONDENT, v. THE PRODUCE BANK OF THE CITY OF NEW YORK, APPELLANT.

*Receipt for bonds deposited — the fact that the person is described in it as a trustee, is notice to those dealing with him.*

The plaintiff, who was the owner of certain bonds which had been deposited with a trust company, and for which a non-negotiable receipt had been issued in the name of her son "as trustee," delivered the receipt to her son and authorized him to use it for his own benefit with the defendant to the extent of $750. The son pledged it with the defendant to secure a note for $1,650, and received from it obligations of his own amounting to that sum, among which were two upon which his mother was liable, which amounted to $750. The mother having disaffirmed the arrangement, tendered to the defendant the securities surrendered to her son and demanded a return of the receipt, and upon the refusal of the defendant to comply with the demand brought this action to recover the receipt.

*Held*, that the fact that the son was described in the receipt as a trustee was notice to the defendant that he was not the absolute owner of it, and imposed upon the defendant the duty of ascertaining the limits of his authority over it, and of restricting its transactions with him within such limits.

That the plaintiff was entitled to recover.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

*George G. Frelinghuysen*, for the appellant.

*Henry Parsons*, for the respondent.

DANIELS, J.:

This action was instituted to recover the value of a receipt issued on the 11th day of April, 1876, by the Farmers' Loan and Trust Company for seven first mortgage bonds of the New Jersey Southern Railroad Company, with the coupons attached. Since it was commenced and by the consent of both parties the receipt was surrendered, and four of the bonds received for it have been retained by the defendant as the substitute for the receipt. The judgment recovered was for the value of these four bonds on the ground that they were unlawfully withheld from the plaintiff by the defendant. At the time when the receipt was issued the plaintiff's daughter was the owner of the seven bonds mentioned in it, and they were placed in the possession of the trust company to be used under an agreement in adjusting the affairs of the railroad company. The receipt for them was issued to David E. Swan, as trustee; that appeared upon its face. He acted in the business for his sister, having no interest in the bonds himself, and to that extent he certainly sustained the relation of trustee to her in the transaction. She was afterwards in failing health and transferred the receipt, as well as her interest in or right to the bonds, to the plaintiff, who continued to own the same after that time.

This receipt was placed by her in the hands of her son, David E. Swan, to be used in settling the claim existing under it in her favor with the railroad company, and, also, with liberty to use it for his own benefit with the defendant to the extent of $750. He did not make either of such uses of the receipts, but in adjusting his affairs with the defendant he entered into an obligation for the future payment of the sum of $1,650, and the receipt was transferred to it by him to secure the discharge of that obligation.

This was not within the limits of the authority conferred by the plaintiff, and when the transaction was brought to her knowledge

she disaffirmed it and refused to be bound by it. At the time when the adjustment was made between her son and the defendant, obligations held by it amounting to as much as the note made by him, were delivered up to him, and when the plaintiff declined to assent to what had taken place in the transaction of the business with the defendant, an offer was made to return all the securities surrendered by it. That offer was refused and the defendant declined to comply with the demand made at the same time for the return of the receipt.

This receipt contained no terms rendering it a negotiable instrument; for that reason title to it could not be acquired by the defendant in violation of the limits of the authority given by the plaintiff. Neither were there any terms contained in it from which it could be inferred that the plaintiff's son was the owner of or interested in either the receipt or the bonds, otherwise than that of being a mere trustee in the transactions which had transpired and to which it related.

The fact that he was described as a trustee was a circumstance from which persons disposed to deal with him upon the basis of the receipt should have inferred that his right to dispose of it, or of the bonds mentioned in it, was no more extended than that of the terms of the trust which had been created. The description of a person as trustee in an instrument of this nature is necessarily notice that he is not the absolute owner of the property affected by the terms of the instrument, but that he holds it for the benefit of some other person. This was the situation in which the individual was placed with whom the defendant dealt upon this occasion, and from the evidence in the case it appears that the attention of its officers was attracted to the fact that Swan was described in the receipt as trustee. Before they could safely deal with him for the disposition of either the receipt or the bonds it was incumbent upon them, therefore, that they should ascertain what were the limits of his authority over the subject matter of the trust, and to restrict their transactions with him concerning it within those limits. This they failed to do, and entered into an agreement with him by which they took the receipt for the surrender to him of seven different obligations, upon three of which he was indorser, another was made by him, and the two others were subscribed by him as agent and attor-

ney. One of these obligations so subscribed appeared to have been that of the plaintiff in the action; but the defendant did not take the receipt simply for the adjustment of that, or of that with the other signed by Swan as agent, amounting to the sum of $750, and for which he had been authorized to make use of this receipt. The transaction was broader than these obligations; and for the residue, for which the security was attempted to be created, it was made up of the individual obligations of the trustee. The fact that the instrument stated Swan to be a trustee, for the benefit certainly of some other person, was sufficient to admonish the defendant that he was incapable of using it for the purpose of adjusting obligations existing against himself. A trustee has no such authority over the subject matter of the trust committed to his charge, and persons dealing with him are bound to take notice of the existence of that restriction when the design of the transaction is to appropriate the trust property to the discharge of his own obligations.

The simple circumstance that the person is described as trustee is equivalent to full notice that in such a transaction he is engaged in the misappropriation of the trust estate. (1 Perry on Trusts [2d ed.], 270, 271, § 255, and cases cited in notes; 2 id., 444, § 810, and cases cited; *Duncan* v. *Jaudon*, 15 Wall., 165, 175; *Budd* v. *Munroe*, 18 Hun, 316.)

Through such a disposition of the receipt and the bonds mentioned in it no valid title was acquired by the defendant against the plaintiff. In this respect this case differs from *Dickinson* v. *Dudley* (17 Hun, 569), for no attempt was made to restrict the dealings of the parties within the limits of the powers of the trustee over the property; and in addition to that when the plaintiff, who was its beneficial owner, discovered what had taken place she immediately disaffirmed the arrangement and offered to return what the defendant had parted with by means of it. This she had the right to do, because the authority given to her son over the property had been exceeded, and the offer which was made, if the defendant had accepted it, would have placed it precisely in the situation it occupied before this unauthorized transaction took place.

The evidence in the case established the fact that the trustee was the general agent of the plaintiff, and was authorized by her to transact her business. But the terms of that agency conferred

upon him no authority to appropriate her property to the adjustment of his own individual affairs.

An agent authorized to act as this trustee was can only make use of his power in the service of his principal. If he steps outside of that and makes use of the subject of his agency for the adjustment of his own affairs, his acts are unauthorized and the principal will not be bound. For this reason the defendant derived no right to withhold this receipt from the plaintiff, at the time when it was demanded, from the circumstance that it had obtained it from her agent.

All that was done arose out of a violation of the restraints properly existing upon his authority, and the defendant was bound to infer that to be the case when the agent proposed to use the property of his principal for the adjustment of his own individual affairs.

The fact that two of the claims included were obligations existing against the plaintiff will not change the case, inasmuch as they were not made the real basis of the transaction with the agent. He did not act within the line of his authority, and for that reason the plaintiff had the right to rescind what had taken place, and upon returning the securities surrendered by the defendant to demand that belonging to herself.

The judgment in the case was right and it should be affirmed.

Davis, P. J., and Brady, J., concurred.

Judgment affirmed.